UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER MCCLEAN,

    Plaintiff,

v.                                          Case No. 8:19-cv-2678-T-02AAS

ROSS SCOPELLITI,

    Defendant.
_____/

## ORDER REMANDING FOR
## LACK OF SUBJECT MATTER JURISDICTION

This Cause comes before the Court *sua sponte*. A review of the record reveals that Jennifer McClean filed her Complaint against Ross Scopelliti—and others not party to this case—in state court in 2012. Dkt. 1-1. The action was removed to this Court by Mr. Scopelliti on October 28, 2019. Dkt. 1. Upon consideration of all relevant filings and case law, the Court hereby remands this case to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. There is no federal subject matter jurisdiction.

**I.  Discussion**

Federal courts are courts of limited jurisdiction—they possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A civil case

originally filed in state court may be removed to federal court by a defendant so long as the case could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions brought in diversity, in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Federal courts have "an independent obligation" in each case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006).

Removal statutes are construed narrowly with all uncertainties resolved in favor of remand. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Further, under 28 U.S.C. § 1447(c), a case removed from state court must be remanded if it appears that it was inappropriately removed. The removing party must prove federal jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Mr. Scopelliti, a Florida resident, purports to remove this case based on diversity jurisdiction. But neither the underlying case nor Mr. Scopelliti's Notice of Removal provide a basis for removal under diversity. *See* Dkt. 1. Where, as here, the state-court plaintiff does not plead a specific amount of damages, the removing defendant must show that it is more likely than not that the amount in controversy

exceeds the $75,000 requirement. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Mr. Scopelliti cannot.

In the state court case Ms. McClean does not plead a specific amount of damages against Mr. Scopelliti. *See* Dkt. 1-1. Generally, it appears the state court case was a foreclosure action by Ms. McClean against Terrence Nero over some real property where Mr. Scopelliti is the tenant. *Id.* Defendant Nero does not join this removal nor is his consent filed. The state court complaint alleges an amount only regarding the mortgage price of the property. *Id.* It does not allege a specific amount of damages against Mr. Scopelliti as a tenant. *Id.* Thus, the burden is on the tenant Mr. Scopelliti to show the amount in controversy exceeds the jurisdictional amount. *Kirkland*, 243 F.3d at 1281 n.5.

Mr. Scopelliti alleges that "[i]n Case Number 8:19CV1626 the Amount in Controversy exceeds $77 000[.] Through the Joinder of the State Court Claim in 12ca010683 with the Claims in 8:19cv1626 . . . [t]he amount easily exceeds the Jurisdictional Amount." Dkt. 1 at 3–4. "Case Number 8:19CV1626" references a separate case filed by Mr. Scopelliti in federal court regarding these same facts. However, it is just that: a separate case.

Aggregating claims for the purposes of amount in controversy requirements is permitted "in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant." *Snyder v. Harris*, 394 U.S. 332, 335
3

(1969). Section 1332 allows for diversity jurisdiction in "*civil actions* where the *matter* in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a) (emphasis added). Claims may only be aggregated by a single plaintiff against a single defendant in a single case. Mr. Scopelliti impermissibly attempts to aggregate claims in separate cases. In any event, Mr. Scopelliti's separate federal case has since been dismissed. *See Scopelliti v. Harris*, 8:19-cv-01626-WFJ-CPT, Dkt. 45 (December 19, 2019). As such, Mr. Scopelliti has not met his burden to prove that the amount in controversy in this case exceeds $75,000.

## II. Conclusion

It is ordered this case is remanded *sua sponte* to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Clerk is directed to mail a certified copy of this Order to the Clerk of the Circuit Court for the Thirteenth Judicial Circuit and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on December 23, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, pro se